IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WMN-02-4044

| | | |
|---|---|---|
| PHILIP TINSLEY, III, et. al,<br>Plaintiff | * | FILED<br>U.S. DISTRICT COURT<br>DISTRICT OF MARYLAND |
| | * | 2002 DEC 23 P 3: 48 |
| vs. | | Civil Action No. WMN-02-4404 |
| | * | CLERK'S OFFICE<br>AT BALTIMORE |
| MCGUIRE WOODS, LLP<br>Defendant | * | _____DEPUTY |

\*\*\*\*\*\*\*\*

**ORDER**

Now before Court is a pro se complaint filed by Philip Tinsley, III, in the name of his father Colonel (retired) Philip Tinsley, Jr., seeking monetary damages against the defendant for "attempting to file in a federal case without being hired by the defendant and without being admitted to practice in the federal court in which the filing is being attempted." and "[n]ot paying/not opposing... a sanctioning fee when sanctioned by filed notice and filed motion in federal court for obstructing justice." Pleading No. 1.

This Court has ruled that the power of attorney granted plaintiff by his father over his financial affairs does not empower plaintiff to represent his father in federal court. See 28 U.S.C. §1654; "Philip Tinsley, III in pro se for Col. (ret) Philip Tinsley, Jr." v. Verizon Maryland, Inc.," Civ. Action No. WNM-02- 2731 Order and Memorandum (Md. October 28, 2002).

The Court notes that on July 17, 2001, the United States District Court for the Eastern District of Virginia enjoined plaintiff, or anyone acting on his behalf, from filing any new action or proceeding in federal court without first obtaining leave of that court in order to protect against plaintiff's well-documented history of frivolous and vexatious litigation. See Phillip Tinsley, III v. FleetBoston Financial Corp., Civ. Action No. 2:02cv215, Order and Opinion at 16 (E.D. Va. July 17, 2001). Plaintiff has failed to move this court for such leave. There is strong precedent



establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances. Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir. 1986); see also See In re Burnley, 988 F.2d 1,3 (4th Cir. 1992)(district courts have the authority to impose a pre-filing review system on frequent filers of frivolous complaints.)

For these reasons stated herein, this complaint will be dismissed with prejudice. Accordingly, it is this 23rd day of December, 2002, by the United States District Court for the District of Maryland hereby ORDERED:

1. Plaintiff's complaint is DENIED WITH PREJUDICE;

2. The Clerk of the Court CLOSE this case; and

3. The Clerk of the Court MAIL copies of this ORDER to plaintiff and a copy of the COMPLAINT and this ORDER to defendant.

William M. Nickerson
Senior United States District Judge